L. R. BAIRD, as Receiver of the New Leipzig State Bank, Appellant, v. GEORGE W. CLARK, Grace Clark, and Urban Mercantile Company, a Corporation. URBAN MERCANTILE COMPANY, a Corporation, Respondent.

(230 N. W. 296.)

Opinion filed March 25, 1930. Rehearing denied April 24, 1930.

*Vincent Hogan,* for appellant.

*S. P. Rigler,* for respondent.

BIRDZELL, J.  This is an action to foreclose a second mortgage given to secure an installment note of $60.00, payable $12.00 per year on the first day of November, 1919, and each year thereafter until and including November 1, 1923.  The mortgagor made no defense but the third mortgagee answered alleging payment.  The district court made findings in favor of the answering defendant and the plaintiff appeals.

The facts necessary to an understanding of the case may be briefly stated as follows: In the fall of 1918, the defendant George Clark, through the agency of the New Leipzig State Bank of New Leipzig, North Dakota, negotiated a loan from one William Lawther upon a quarter section of land in the sum of $600.00 at 7 per cent interest. In addition to the principal note and mortgage the mortgagors, Clark and wife, executed an installment note for $60.00 to the bank, payable as above indicated, secured by a second mortgage upon the same land. Clark continued to transact his banking business with the New Leipzig State Bank and generally, though it appears not always, had an annual settlement with it.  At this settlement he would be charged with the amount unpaid on any existing notes; also, with whatever advancements might have been made on his behalf and with the amount of interest due.  He would be credited with whatever cash he was able to pay and new notes would be taken for the balance.  Owing to the existence of credit facilities adapted to the handling of cattle loans, the renewal notes would be taken in such form that one note secured by a first mortgage on cattle would be taken and form a separate loan which the bank could readily negotiate.  Another note in substantial amount secured by a first chattel mortgage on other livestock, crops, et

cetera, and which might be a second mortgage on the cattle, would also be taken. Such a note, and smaller unsecured notes due upon demand, would be retained by the bank, while the cattle note would be negotiated. Among the charges made in the annual settlement sheets from year to year are charges for interest on the Lawther loan of $42.00 and the $12.00 installments on the second real estate mortgage note, which were also treated as interest. As payments were made to the holder of the first mortgage, the coupon notes were surrendered to the bank. The New.Leipzig bank closed and at the time its affairs were placed in charge of the receiver the second mortgage note and the interest coupons of the first mortgage note, together with some tax receipts, were among the bank's papers. The evidence shows that prior to 1924 the cash payments were small, but it further indicates that Clark was accustomed to taking care of small short term loans. It shows that in 1924 he paid $883.74 in cash, which was applied on various notes and interest, and in 1925 there is a further indorsement of $345.00 on a $1100.00 note.

The answering defendant held a third mortgage on the land in question to secure an indebtedness due it. It foreclosed this mortgage and holds a sheriff's certificate of sale dated May 25, 1927. Upon the trial it contended that the second mortgage was discharged; whereas the plaintiff contended that there was due upon this second mortgage more than $700.00, on account of the moneys advanced by the bank to pay interest on the first mortgage, taxes upon the land, and unpaid installments of its second mortgage. The trial court made findings and entered judgment in favor of the answering defendant.

The evidence is such that it is difficult to draw conclusions therefrom with a satisfactory degree of assurance. So far as the transactions between the bank and the mortgagor are concerned, it could scarcely be said that the inclusion of the installments on the second mortgage note and the amount of interest paid on the first mortgage loan in the annual settlements, and the taking of chattel security for new notes in which these amounts were included, necessarily amounted to payment of these obligations and withdrew them from the protection of the second mortgage. It appears, however, that after the cash payment of the substantial amount above indicated was made in 1924, one Urban, a representative of the Urban Mercantile Company, the answering de-

fendant and the holder of the third mortgage, desiring to know what was becoming of the mortgagor's money, made inquiry at the bank. According to Urban's testimony he stated to Zweber, president of the bank at the time, that the company had not received anything from Clark subsequent to 1919. He testified that in response to such inquiry the president of the bank explained that Clark paid his interest and taxes, also the short term loans that he made at the bank, and for that reason there had been nothing left with which to pay the defendant. He testified that he asked specifically whether Clark was keeping up the interest on the Lawther loan and that Zweber said that he (Clark) was paying it. This testimony was disputed by Zweber, but he admitted that such an inquiry was made. He said he told Urban "that the taxes and interest were in shape, that they were paid." This inquiry was made long after the maturity of all the $12.00 installments which the bank had consistently treated in the same manner as interest advanced on the first mortgage. He nowhere testified that he explained to Urban that these payments had been made by the bank and added to its second mortgage. The natural inference which a subsequent mortgagee would draw from a statement that prior liens were paid or that they were paid by the owner, would be that the amount so paid would be no longer included in the prior lien or liens. The subsequent lien holder would therefore be justified in proceeding on the assumption that such prior liens had been discharged. Hence, regardless of whether or not, as between the bank and Clark, the first and second mortgages would still be in force, we are of the opinion that as to the answering defendant the prior liens were discharged to the extent of the payments made by the bank and included in the settlements made.

Judgment affirmed.

BURKE, Ch. J., and CHRISTIANSON, BURR and NUESSLE, JJ., concur.